## Commonwealth v. Skula

*Otto P. Robinson*, for defendant.

LEACH, P. J., April 23, 1941.—Defendant was arrested on Sunday by a constable on view and without warrant, charged with a violation of The Vehicle Code by speeding. A hearing was held the same day.

This proceeding was unlawful under the Act of 1705, 1 Sm. L. 25, sec. 4, 44 PS §1. Said act provides as follows:

". . . no person or persons, upon the first day of the week, shall serve or execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree, except in cases of treason, felony, or breach of the peace; but that the serving of any such writ, precept, warrant, order, judgment or decree, shall be void, to all intents and purposes whatsoever; . . ."

Under the above statute a motor violation punishable only by summary conviction is not one in which an arrest can be made either by warrant or on view on Sunday: see Commonwealth v. Moore, 15 D. & C. 263, and many other cases. No trial could be held on Sunday.

A modification of the above act has been made by the Act of June 27, 1939, P. L. 1135, sec. 31, 75 PS §741, permitting Pennsylvania motor policemen when in uniform to make arrests on Sunday for motor violations. When, the motor police make an arrest on Sunday, the hearing

must be held on another day although bail may be given or hearing waived and appeal taken on Sunday.

It follows that the proceedings in this case were void. The constable was without authority to arrest defendant, a justice had no power to hold a trial or to find defendant guilty, and take a watch or other security, and the said officials may be liable for civil suit for false imprisonment.

Now, April 23, 1941, proceedings reversed.